IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HIBBARD GEORGE KEIFERT and | ) | Case No. 12-62069 |
| LAURIE ANN KEIFERT, | ) | |
| | ) | |
| Debtors. | ) | |

ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Chapter 7 Trustee in Hibbard and Laurie Keifert's bankruptcy case objects to exemptions claimed by the Debtors under California law because, he asserts, the Debtors were domiciled in Missouri for the relevant time period and must claim Missouri exemptions under 11 U.S.C. § 522(b)(3)(A). Debtor Hibbard Keifert served in the military in California during portions of the relevant time period. For the reasons that follow, the Trustee's Objection to Exemptions is SUSTAINED.

Section 522(b)(3)(A) of the Bankruptcy Code states, in relevant part, that debtors may claim exemptions in:

> Any property that is exempt under Federal law, … or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for the 180 days immediately preceding the 730-day period or for the longer portion of such 180-day period than any other place.[1]

---

[1] 11 U.S.C. § 522(b)(3)(A).

If the debtors were "domiciled" in Missouri for the entire 730-day period immediately preceding November 15, 2012 (the date on which they filed their petition), then Missouri exemptions apply.  If they were "domiciled" anywhere else for part of that 730-day period, then they must claim the exemptions of the state in which they were domiciled for the longer portion of the 180 day-period prior to the 730-day period.[2]

The Trustee asserts that, despite being stationed with the military in California for portions of the 730-day period, the Keiferts were "domiciled" in Missouri for the entire 730-day period preceding the filing of the bankruptcy case.  The Keiferts assert that they were domiciled in California for part of the 730-day period and all of the 180 days preceding the 730-day period and, therefore, California exemptions apply.

According to Debtor Hibbard Keifert's testimony at hearing, he entered the United States Marine Corps in 1992.  At that time, he was living in California.  In 1996, he married Debtor Laurie Keifert in California.  In 2008, which was the year the Keiferts' youngest son was born in Missouri, Hibbard exercised the option given to him by the military and changed his state of residency with the Corps to Missouri. Hibbard testified that, although he was stationed in California, as of 2008, he intended for Missouri to be his residence and that he planned to permanently return to Missouri

---

[2] *See In re Dufva*, 388 B.R. 911 (Bankr. W.D. Mo. 2008).

2

when he retired.  Hibbard filed Missouri tax returns from 2008 through 2011 and he testified that he claimed Missouri as his residence in "all legal matters."  On June 30, 2012, Hibbard retired from the military and moved to Missouri.

Laurie testified that she generally lived in California with Hibbard, except that she lived in Missouri from February 2008 to July 2008, during which time, their youngest son was born in Missouri. At that time, she intended to be a permanent resident of Missouri.  She returned to California in July 2008, where her husband was stationed, and lived on the military base as determined by the Corps.  She moved back to Missouri in August of 2011.  She worked exclusively in California and, therefore, filed California state tax returns; she never filed Missouri returns.  Both Laurie and Hibbard currently live in Missouri.

The Debtors filed for chapter 7 bankruptcy on November 14, 2012. 730 days preceding that was November 15, 2010. 180 days preceding November 15, 2010 was May 18, 2010.

"Domicile for purposes of § 522 is determined under federal common law."[3] "[D]omicile is established by physical presence in a place in connection with a certain

---

[3] *In re Fabert*, 2008 WL 104104 at *2 (Bankr. D. Kan. Jan. 9, 2008) (citations omitted) (not reported).

3

state of mind concerning one's intent to remain there."[4]  "[O]ne can reside in one

place but be domiciled in another."[5]  "[A] person can have but one domicile, which

when once established, continues until he renounces it and takes up another . . . ."[6]

A change in domicile requires the concurrence of two elements: (1) physical presence

at the new location; and (2) an intention to remain there indefinitely, or the absence

of any intention to go elsewhere.[7]  "The Eighth Circuit has explained that in order for

a person to have the requisite intent to change domicile that person must intend to

reside somewhere indefinitely with no present or fixed intent to move on upon the

happening of a reasonably certain event."[8]

> The domicile of a person in the military or naval service of his or her
> country generally remains unchanged, as domicile is neither gained nor
> lost by being temporarily stationed in the line of duty at a particular
> place, even for a period of years.  One spouse's military service is no
> legal barrier to the continuance of the other's residence or domicile.

Because a person in military service is subject to the orders of his

---

[4] *Mississippi Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *In re Ring*, 144 B.R. 446, 449 (Bankr. E.D. Mo. 1992) ("Domicile is thus a function of both intent and physical presence and it is presumed to continue until shown to have changed.") (*citing Homes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981)); *In re Fabert*, 2008 WL 104104 at *2 n. 13.

[5] *Id.*; *In re Fabert*, 2008 WL 104104 at *2 n. 13.

[6] *In re Ring*, 144 B.R. at 449.

[7] *Id.* at 450 (citing *Holmes v. Sopuch*, 639 F.2d at 433).

[8] *Id.* (emphasis omitted); *see also In re Dufva*, 388 B.R. 911, 914 (Bankr. W.D. Mo. 2008).

4

or her superior officers, he or she generally retains domicile or residence in the state from which he or she enters the service. However, a servicemember is not precluded as a matter of law from showing that he or she has established a domicile different from the one he or she had before he or she entered military service, and may acquire a new domicile if the circumstances show an intent to abandon his or her original domicile and adopt the new one.[9]

I find that Hibbard established Missouri as his domicile in 2008. Although Hibbard physically left Missouri as part of his service with the military, he testified that he intended to return and remain in Missouri after he retired. His stated intent to make Missouri his domicile is supported by the facts that he changed his state of residency with the Corps, filed Missouri tax returns in the years 2008 through 2011, and claimed Missouri as his residence in all legal matters.

Laurie also initially became physically present in Missouri in 2008 and stated her intent to make Missouri her permanent residence. Laurie only returned to California because her husband was stationed there. Because she worked in California, and had California it is reasonable that she filed California

Based on the foregoing, I find that both Debtors moved to Missouri in 2008 and intended to be permanently domiciled here. The fact they were physically present with the military in California for periods in the interim did not change their domicile for

---

[9] 28 C.J.S. *Domicile* § 35 (2013) (citations omitted). *See also Pentland v. Commissioner of Internal Revenue,* 11 T.C. 116, 119 (1948).

purposes of § 522(b)(3)(A).  Because the Debtors were domiciled in Missouri for the entire 730-day period before the filing of their bankruptcy, they must claim Missouri exemptions.

ACCORDINGLY, the Trustee's objections to exemptions are SUSTAINED. The Debtors are directed to file amended exemptions within 14 days.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 3/22/2013

Attorney for movant to serve parties not receiving electronic notice